UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11930-RGS

LISA MORSE and MARK MORSE

v.

FORD MOTOR COMPANY

<u>MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT</u>

July 13, 2010

STEARNS, D.J.

    Plaintiffs Lisa and Mark Morse brought suit against defendant Ford Motor Company (Ford) alleging that defects in the tie rod assembly and the airbag system of their 2004 Ford Focus caused a one-vehicle accident in which Lisa Morse sustained injuries. In their Complaint, the Morses maintain that "[t]he accident occurred as a result of a sudden separation of the front right wheel tie rod causing a fracture of the axle shaft upon impact." Compl. ¶ 6. They also contend that Lisa Morse's injuries "were made greater by the failure of the airbags to deploy upon impact." Id. ¶ 7. Ford moves for summary judgment on two grounds – that the Morses failed to preserve the vehicle for inspection, and that they are unable to produce expert testimony in support of their product defect claims.

    Plaintiffs' opposition to the motion for summary judgment depends on the proffered testimony of Robert Gallagher, an accident reconstruction specialist. In an Order dated July 9, 2010, the court allowed Ford's motion to preclude Gallagher from testifying as an expert witness, finding him unqualified to offer opinions as to defects in the design or manufacture of the Ford Focus or the cause of Lisa Morse's injuries.

To establish a breach of warranty and a consumer protection claim under Massachusetts law, the Morses must establish that the Focus was defective and unreasonably dangerous, and that the defect was a proximate cause of their damages. See Fernandes v. Union Bookbinding Co., Inc., 400 Mass. 27, 37-38 (1987) (setting out the elements of a claim for breach of implied warranty); Am. Shooting Sports Council, 429 Mass. 871, 878 (1999) (elements of a violation of Mass. Gen. Laws ch. 93A).  Similarly, the Morses' negligence claims require proof that Ford failed to exercise reasonable care to eliminate foreseeable defects or dangers to a user of the Focus.  See Simmons v. Monarch Mach. Tool Co., 413 Mass. 205, 211 (1992), abrogated on other grounds by Vassallo v. Baxter Healthcare Corp., 428 Mass. 1 (1992).

In cases involving claims of product defect (such as this case), expert testimony is required because the answers to the highly technical and specialized questions raised by such claims lie outside the knowledge of most lay jurors.[1]  See Enrich v. Windmere Corp., 416 Mass. 83, 87 (1993) ("The presence of such a defect [in an electrical fan] cannot be inferred in the absence of expert testimony."); Gofredo v. Mercedes-Benz Truck Co., Inc., 402 Mass. 97,103-104 (1988) (a defect in a door latch could not be established without the testimony of an expert); Morrell v. Precise Eng'g, Inc., 36 Mass. App. Ct. 935, 936 (1994) (expert testimony required to establish that a defect in the supporting brackets caused scaffolding to collapse); Gynan v. Jeep Corp., 13 Mass. App. Ct. 504, 508 (1982) ("[The] subject of the placement of headlights and the illumination provided by them was a matter

---

[1]Plaintiffs do not claim (nor could they) that this is one of those hen's teeth rare *res ipsa loquitur* cases in which expert testimony is not required.  See Lipman v. Lustig, 346 Mass. 182, 184 (1963).

for expert testimony."); Wiska v. St. Stanislaus Social Club, Inc., 7 Mass. App. Ct. 813, 820-821 (1979) (expert required to prove that windshield glass was defective).

In a recent case involving an allegedly defective airbag system, the Massachusetts Appeals Court held that "[a] full understanding of the deployment of an airbag which involves the synergy of mechanical, electrical, and chemical subsystems, is beyond the ordinary lay knowledge of a juror and requires expert testimony. . . . Without expert evidence of a defect, a jury would have to rely on 'conjecture and surmise,' which is impermissible." Madigan v. Gen. Motors Corp., 72 Mass. App. Ct. 1114 (2009). Expert testimony is equally as essential on "highly technical medical issues" including the causes and extent of an injury. See Lally v. Volkswagen Aktiengesellschaft, 45 Mass. App. Ct. 317, 324-325 (1998) (summarizing cases). As the only expert witness identified by the Morses has been disqualified, summary judgment may appropriately enter for Ford.[2]

### ORDER

For the foregoing reasons, Ford Motor Company's motion for summary judgment is ALLOWED. The Clerk will enter judgment accordingly and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] Given the court's order excluding Gallagher's expert testimony, there is no need to address the dispute over the issue of spoilation of the Morses' vehicle.